# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**JACOB COLBY SPRADLIN,**

    **Plaintiff,**

**v.**                                        **Case No. 3:19-cv-00367**

**SUPERINTENDENT JOSEPH WOOD,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges the following in his complaint:

1. On April 15, 2019, Plaintiff was assaulted by another inmate at the Western Regional Jail;

2. At the time of the assault, Plaintiff was housed in the pod for sex offenders;

3. Arton Adkins, the inmate who assaulted Plaintiff, was not a sex offender and should not have been housed in the same pod as Plaintiff;

4. Plaintiff suffered a broken nose and mental anguish as a result of the assault;

5. Plaintiff suffered cruel and inhuman punishment by being sprayed with OC spray and placed in lockdown for fighting.

(ECF No. 2 at 4, 8). Plaintiff asks for $150,000 in damages for his mental anguish, and additional compensation to pay his medical expenses and filing fee. (*Id.* at 5).

Plaintiff names Superintendent Wood as the only defendant, but fails to include any allegations in the complaint pertaining to Superintendent Wood. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. For an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle,* 323 F. Supp. 203,

214 (D. Md. 1971)). Accordingly, if Superintendent Wood is joined as a defendant simply because of his position at the Jail, then he should be summarily dismissed from the lawsuit.

In light of this governing principle, Plaintiff must amend his complaint to set forth factual allegations explaining how Superintendent Wood personally violated Plaintiff's constitutional rights. Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.

**Plaintiff is also advised** that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). According to the Court's docket, Plaintiff has filed three *pro se* lawsuits in this Court in the past and has a current case pending. In all of the cases, he requested to proceed without prepayment of fees or costs. One of the prior cases was dismissed for failure to state a claim and thus may count as one strike under the three strikes rule. If two more cases are dismissed for any of the reasons listed above, Plaintiff shall be barred in the future from filing *any* other cases *in forma pauperis* unless he is in

**imminent** danger of **serious physical injury**. Therefore, Plaintiff may wish to carefully review his two pending complaints and determine whether he wishes to proceed with them. If after considering the issues, Plaintiff wishes to voluntarily dismiss the pending action, he shall file a Motion for Voluntary Dismissal with the Clerk of Court, explaining that he currently does not wish to prosecute the matter.

**Plaintiff is reminded** of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to mail a copy of this Order to Plaintiff.

**ENTERED:** May 10, 2019

Cheryl A. Eifert
United States Magistrate Judge